1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9  | Cameron Arthur,

10 |             Plaintiff,

11 | v.

12 | Rotor X Aircraft Manufacturing Company,

13 |             Defendant.

No. CV-23-01937-PHX-ASB

**ORDER**

14
15     This matter was assigned to Magistrate Judge Alison S. Bachus. (Doc. 3). On

16 March 7, 2024, the Magistrate Judge filed a Report and Recommendation with this

17 Court.[1] (Doc. 16). To date, no objections have been filed.

**STANDARD OF REVIEW**

18
19
20

[1]     This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

21
22

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

23
24
25

**IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

26
27

**IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

28

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

### DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation as to Plaintiff's Motion for Default Judgment. However, in consideration of the terms of the contract which Plaintiff filed at the Court's request, (Doc. 18-1), the Court finds that Plaintiff is not entitled to an attorney fees award. The Court thus modifies the Magistrate Judge's recommendations accordingly.

Plaintiff seeks to recover $2,300.00 for attorney fees incurred in litigating this breach of contract action. (Doc. 13 at 7). Plaintiff represents in the Motion for Default Judgment that the contract between Plaintiff and Defendant provides for such an award, quoting language from Clause 12 of the contract as follows: "The prevailing party in any such dispute shall be awarded reasonable attorneys' fees and costs." (Id. at 6). Relying on Plaintiff's representation, the Magistrate Judge agreed that Plaintiff is entitled to an attorney fees award. (Doc. 16 at 6). However, Plaintiff had not attached a copy of the contract itself to the Complaint or the Motion for Default Judgment, though it appears that Plaintiff had intended to do so. (Docs. 1 at 2, 13, at 2). The Court thus ordered Plaintiff to file a copy of contract as documentary evidence of Plaintiff's damages. (Doc.

17). Having now reviewed the contract, the Court finds that the contract supports Plaintiff's allegations as to damages but finds that the contract terms do not support an attorney fees award in this instance.

"A contractual provision for attorneys' fees will be enforced according to its terms." <u>Chase Bank of Ariz. v. Acosta</u>, 880 P.2d 1109, 1121 (Ariz. Ct. App. 1994). Clause 12 of the contract, which contains the attorney fees provision that Plaintiff cites, addresses such fees in the context of arbitration, not litigation. (Doc. 18-1 at 5). The clause reads in full:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona. Any dispute relating to this Agreement shall be resolved by arbitration in Arizona pursuant to the Commercial Rules of the American Arbitration Association. The prevailing party in any such dispute shall be awarded reasonable attorneys' fees and costs.

(<u>Id.</u>) That the attorney fees provision is contained in a mandatory arbitration clause indicates to the Court that Clause 12 only contemplates an attorney fees award when the dispute is resolved by arbitration. In addition, the use of "any *such* dispute" in the attorney fees provision indicates a reference to the sort of disputes described in the prior sentence—disputes resolved by arbitration. Accordingly, the Court concludes that the attorney fees incurred by Plaintiff in litigating this action are not recoverable under Clause 12 of the contract.

Plaintiff does not request an attorney fees award pursuant to A.R.S. § 12-341.01, which permits attorney fee awards in contract actions, but the Court nevertheless addresses the statute and finds that Plaintiff is not entitled to a fees award under § 12-341.01 because this was not a "contested action" under the meaning of the statute. <u>See</u> <u>Morrison v. Shanwick Int'l. Corp.</u>, 804 P.2d 768, 775 (Ariz. Ct. App. 1990) ("[A] contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff."); <u>see also</u> <u>Pinnacle Transplant Tech. LLC v. Alevio</u>, No. CV-23-00129-PHX-SMM, 2023 WL 8476405 (D. Ariz. Oct.

11, 2023) (collecting cases and finding attorney fees unrecoverable under § 12-341.01 in default judgment action).

Plaintiff is, however, entitled to recover costs under A.R.S. § 12-341, which does not require that an action be contested in order for the Court to award costs. The Court thus affirms the Magistrate Judge's findings as to the costs which Plaintiff is entitled to recover and awards Plaintiff $490.20 in costs.

**CONCLUSION**

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting as modified** the Report and Recommendation of the Magistrate Judge. (Doc. 16).

**IT IS FURTHER ORDERED granting in-part** Plaintiff's Motion for Default Judgment. (Doc. 13).

**IT IS FURTHER ORDERED awarding** Plaintiff damages in the amount of $105,800.00 plus post-judgment interest as well as costs in the amount of $490.20.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly and terminate this action.

Dated this 26th day of March, 2024.

Honorable Stephen M. McNamee
Senior United States District Judge